UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Kenneth J. MORENO,

              Plaintiff,

  - v. -

THE CITY OF NEW YORK; CYRUS VANCE,
as District Attorney, New York County; LISA
FRIEL, as Former Bureau Chief, Sex Crimes Unit,
New York County District Attorney's Office;
COLEEN BALBERT, as Former Deputy Bureau
Chief, Sex Crimes Unit, New York County District
Attorney's Office; RANDOLPH CLARKE, as
Assistant District Attorney, New York County
District Attorney's Office; EDWARD J. TACCHI,
as Former Senior Investigator, Investigations Unit
New York County District Attorney's Office;
CHARLES V. CAMPISI, as Former Bureau Chief,
NYPD Internal Affairs Bureau; EAMON F. DEERY,
as Captain, NYPD Internal Affairs Bureau Group
No.: 12; MARIA COOD-PEREZ, as Lieutenant,
NYPD Internal Affairs Bureau Group No.: 12, each
being sued individually and in their official
capacities as employees of defendant THE CITY OF
NEW YORK; KATHERINE CHOW and YASMIN
R. SAEED

              Defendants.

**MEMORANDUM AND ORDER**

14-cv-6062 (NG)



----------------------------------------------------------------x
**GERSHON, United States District Judge:**

      Plaintiff Kenneth J. Moreno, a former officer of the New York City Police Department ("NYPD"), was indicted on March 16, 2011, on counts of rape, burglary, falsifying business records, and official misconduct. The charges stemmed from plaintiff's conduct toward a Manhattan woman whom plaintiff, and his partner Franklin Mata, had been dispatched to assist. Plaintiff and Mr. Mata were convicted in New York Supreme Court, New York County, on three

counts of official misconduct and acquitted on all other charges. Plaintiff was sentenced to one year in prison and Mr. Mata to sixty days.

During the pendency of the criminal proceedings, the woman pursued claims under 42 U.S.C. § 1983 in the Southern District of New York against plaintiff, Mr. Mata, and New York City. Her claims of municipal liability were dismissed in March 2013 and, subsequently, she voluntarily dismissed her claims against the individual defendants.

On October 15, 2014, plaintiff filed §§ 1981, 1983, and 1985 claims of his own in this court against (1) various members of the District Attorney's office; (2) New York City and several NYPD officers; (3) the woman; and (4) Yasmin Saeed, an acquaintance of hers who had assisted her in obtaining counsel. Alleging that there was no evidentiary basis for the criminal and civil actions pursued against him, and that he was targeted by the NYPD and prosecuted by the District Attorney's office because he is Hispanic, plaintiff asserts counts of discrimination, abuse of authority, false arrest, malicious prosecution, selective prosecution, municipal liability, and conspiracy.

Plaintiff's lawsuit did not originate in this court. He initially filed a substantially identical complaint in New York Supreme Court, Bronx County, on July 29, 2014. The action was removed to the Southern District of New York on August 22, 2014. At an initial conference held before the Hon. Richard M. Berman, district judge, on October 1, 2014, the District Attorney and New York City defendants raised several grounds on which they intended to move for dismissal and sanctions. Plaintiff was instructed to file an amended complaint by October 15,

2014. On that date, plaintiff voluntarily dismissed his complaint without prejudice and simultaneously filed the same complaint, with a few adjustments,[1] in this court.

On November 17 and 18, 2014, the District Attorney and New York City defendants submitted letters to this court announcing their intention to move for dismissal under Fed. R. Civ. P. 12(b)(6) and for sanctions. The New York City defendants also argued, in the alternative, that this case should be transferred back to the Southern District of New York.

Under this court's motion practices, plaintiff had one week to respond to defendants' letters. On December 12, 2014, two weeks after that deadline had passed, the court instructed plaintiff to file responsive letters. Plaintiff did not comply with that order and, instead, filed on December 15, 2014 a letter that withdrew all claims against certain defendants and requested an "abeyance" to develop evidence for an amended pleading. After advising plaintiff that his abeyance request would be taken up at the pre-motion conference, this court again directed plaintiff to file letters addressing defendants' proposed motions. No such letters have been filed.

It is apparent from defendants' unrebutted submissions that this action should be transferred back to the Southern District of New York. District courts possess "broad discretion" to transfer cases pursuant to 28 U.S.C. § 1404(a), *see In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 117 (2d Cir. 1992), and that discretion is properly exercised to discourage "judge shopping." *Allstate Insurance Co. v. Countrywide Financial Corp.*, 2011 WL 2360274, at *2 (S.D.N.Y. June 14, 2011). Judge shopping concerns are particularly acute when a litigant files suit in one forum after receiving adverse rulings, or indications thereof, in another. As Judge

---

[1] While plaintiff's complaint in this court advances virtually identical claims as his prior complaint, he has dropped several defendants from the caption, including the law firms involved in the civil suit and certain documentary filmmakers who allegedly withheld footage pertinent to plaintiff's criminal defense.

Berman himself has elsewhere noted, litigants are not permitted to "weigh anchor and set sail for the hopefully more favorable waters of another district" whenever they "see a storm brewing in the first court." *Grace v. Bank Leumi Trust Co.*, 2004 WL 639468, at *5 (S.D.N.Y. Mar. 31, 2004) (internal quotation marks omitted) (transferring action to Eastern District where plaintiffs appeared to file in the Southern District "to avoid having their claims decided by Judge Trager").

Plaintiff's maneuvering here is obviously judge shopping. Plaintiff did not seek a transfer to this court when his lawsuit was initially removed to the Southern District of New York. Instead, plaintiff waited until after the parties had appeared for a conference, at which, according to defendants, the deficiencies of plaintiff's complaint were discussed at some length. Rather than replead, as Judge Berman instructed, plaintiff "weighed anchor" and filed suit in this court. Having declined to respond to defendants' pre-motion submissions, despite repeated orders to do so, plaintiff has identified no legitimate basis to change venues, particularly to one further removed from the Bronx County Supreme Court in which plaintiff initially brought suit. In the circumstances, the only logical conclusion is that plaintiff filed in this court simply to avoid having his claims adjudicated by Judge Berman.

Moreover, the operative facts of this litigation point toward the Southern District of New York. *See Frobes v. Stryker Corp.*, 2009 WL 3387037, at *2 (E.D.N.Y. Aug. 5, 2009) (among other factors, courts consider "locus of the operative facts" in determining whether action should be transferred). Plaintiff was an officer of the Ninth Precinct in Manhattan, and the events underlying the criminal action against him, and the action itself, all occurred in Manhattan. Plaintiff claims to reside in Brooklyn, but, having initially brought suit in the Bronx, plaintiff cannot contend that this court is his chosen forum. In addition, given the impermissible judge shopping, any preference plaintiff might have for this district over the Southern District of New

4

York "is accorded little weight." *See Grace*, 2004 WL 639468, at *4 (plaintiff's choice of forum commands little weight if it "may be influenced by [an] effort to avoid a particular judge").

For the foregoing reasons, the Clerk of Court is directed to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The pre-motion conference previously scheduled for February 6, 2015 is cancelled and the New York City defendants' motion to adjourn the conference is denied as moot.

**SO ORDERED.**

s/Nina Gershon

**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
       January 28, 2015